NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CRISTINA ISLAS-ESPINOSA, | No. 14-72698 |
| Petitioner, | Agency No. A089-245-782 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Maria Cristina Islas-Espinosa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

substantial evidence the agency's factual findings, applying the standards

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies both within Islas-Espinosa's testimony, and between her testimony and record evidence, as to her medical records from 1989 and 2000. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Islas-Espinosa's explanations for these contradictions do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Islas-Espinosa's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of these dispositive findings, we reject Islas-Espinosa's contentions that the agency violated her due process rights by faulting her for any delays in proceedings, or by failing to grant her a final continuance. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**